

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:　　　　Opinion No. O-5687

　　　　　　　　　　　　Re:　Appropriation for Bureau of
　　　　　　　　　　　　Labor Statistics from "Employment
　　　　　　　　　　　　Agency Fund."

　　　　You request an opinion of this Department on the
question whether Items 16, 17, 18 and 19 of the appropria-
tion to the Bureau of Labor Statistics made by Senate Bill
332, 48th Legislature, are payable out of the General Reve-
nue Fund.

　　　　The appropriation to the Bureau of Labor Statis-
tics provides in part:

　　　　"(Out of Employment Agency Fund)

"16. Supervisor.................$ 2,100.00　$ 2,100.00
"17. Assistant Supervisor......... 1,500.00　　1,500.00
"18. Traveling Expense........... 500.00　　　500.00
"19. Stationery, printing, post-
age, office supplies, tele-
phone, telegraph and con-
tingent..................... 500.00　　　500.00

　　　　"Subject to the limitations set forth
in the provisions appearing at the end of
this Act, all employment agencies license
fees, together with any unexpended balance
of such fees remaining on hand at the end
of the fiscal year, are hereby appropriat-
ed for the purpose of supervising employ-
ment agencies."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 4 of House Bill 264, 48th Legislature,
directs:

"On September 1, 1943, all moneys remain-
ing in such special fund (Employment Agency
Fund) and all moneys thereafter received by
the Commissioner from license fees under this
Act shall be paid into and become a part of
the General Revenue Fund."

In our opinion No. O-5136, we called attention
to the legislative practice, appearing in previous appro-
priation bills, to measure the Labor Commissioner's author-
ity to draw against certain appropriations from the General
Fund by the yardstick of the amount of fees he deposited to
the credit of that Fund. The provisions of the current ap-
propriation evidence a continuance of that practice.

Your attention is directed specifically to the
quoted rider. This rider appropriates, for each fiscal
year, from the General Fund an amount equivalent to the
amount of license fees collected and deposited to the cred-
it of the General Fund under the provisions of House Bill
264 during the fiscal year, plus an amount equivalent to
that amount which would remain after deducting at the end
of the preceding fiscal year all expenditures from the
General Fund for supervising employment agencies from the
total fees deposited to the credit of the General Fund.
This appropriation is "for the purpose of supervising em-
ployment agencies." It is not, as are the items listed
above it, limited to an amount equivalent to part of the
fees, but appropriates an amount equivalent to all the
fees. Yet the items embrace every expenditure that might
be made "for the purpose of supervising employment agen-
cies." There is, then, a conflict between the rider and
the itemizations which cannot be reconciled. In such case,
the rider, being last in point of position, must be regard-
ed as the last expression of the legislative will, and
supersedes the itemization except in the following respect:
Items 16 and 17 control and fix the maximum salaries which
can be paid from the appropriation provided in the rider to
the Supervisor and Assistant Supervisor. (See Senate Bill
363, Acts 48th Legislature).

Honorable Geo. H. Sheppard - page 3

Trusting that the foregoing satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R.W.Fairchild*

R. W. Fairchild
Assistant

APPROVED SEP 8, 1943

RWF-MR *Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN